NOT DESIGNATED FOR PUBLICATION

No. 122,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR JOE WYLIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Taylor Joe Wylie appeals from the trial court's decision to revoke his probation and impose his underlying sentence, arguing the trial court erred by not imposing an intermediate sanction. Wylie moved for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We granted Wylie's motion for summary disposition. The State responded and asked that we affirm the trial court's judgment. Because we conclude that the trial court did not abuse its discretion in this matter, we affirm.

Under a plea agreement, Taylor Joe Wylie pleaded guilty to one count of aggravated endangerment of a child, a severity level 9 person felony. In November 2018,

1

the trial court sentenced him to 13 months' imprisonment with 12 months' postrelease supervision, suspended to 12 months' supervised probation. In July 2019, Wylie admitted to violating his probation by missing two meetings with his probation supervisor and providing false reports to his probation supervisor. Based on Wylie's admissions, the trial court found Wylie had violated the terms of his probation. The trial court revoked Wylie's probation, reinstated probation and extended it for 12 months, and ordered Wylie to serve a 3-day jail sanction.

In August 2019, the State requested a bench warrant, alleging five new probation violations. The trial court issued the warrant. In October 2019, the State requested another bench warrant, alleging two additional probation violations. The trial court issued the second warrant. The trial court addressed both warrants in a single hearing. Wylie admitted to all allegations in the warrants, which included three instances of the following: failing to report to his probation supervisor; failing to provide proof he was attending drug and alcohol treatment; failing to provide proof he was attending mental health treatment; failing to timely report to his probation supervisor regarding a change in his employment; and failing to provide a sample for urinalysis testing as directed by his probation supervisor.

Based on Wylie's admissions, the trial court that found he violated the terms of his probation and revoked his probation. The trial court found Wylie was not amenable to probation and ordered him to serve his underlying sentence. Wylie timely appeals.

*Did the Trial Court Err in Revoking Wylie's Probation and Imposing His Underlying Sentence?*

Wylie argues that the trial court erred in revoking his probation and imposing his underlying sentence. Once the trial court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the trial

2

court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion (1) if it is arbitrary, fanciful, or unreasonable; (2) if it is based on an error of law; or (3) if it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Wylie acknowledges the decision to revoke his probation and impose his underlying sentence was within the discretion of the trial court. He does not identify any error of fact or law underlying the trial court's decision. It is also not entirely clear whether he is arguing that the trial court's decision was otherwise arbitrary, fanciful, or unreasonable. But he does seem to suggest the trial court could or should have imposed an intermediate sanction rather than his full underlying sentence. In any event, Wylie cannot show an abuse of discretion under the facts of this case.

Here, Wylie admitted to numerous probation violations, generally reflecting he was unable or unwilling to follow through on several terms of his probation. Based on those repeated violations, the trial court found Wylie was not amenable to probation. The trial court already imposed an intermediate sanction following Wylie's first admission to violating the terms of his probation. In doing so, the trial court warned Wylie: "So at this point, again, you will be reinstated for 12 months, but you won't have an opportunity, if you fail, to comply with terms and conditions of probation. Do you understand that?" Wylie stated that he understood, stating: "Thank you for giving me the one last chance."

Wylie was clearly on notice he would not be given another opportunity at probation but continued to engage in many of the behaviors that led to the initial intermediate sanction. For felony convictions, the trial court, after having previously imposed an intermediate sanction, may revoke probation upon a later violation and order the defendant to serve his or her full underlying sentence. K.S.A. 2019 Supp. 22-3716(c)(1)(C). Wylie has not alleged an error of fact or law, nor has he shown that the trial court's decision was arbitrary, fanciful, or unreasonable. Here, the trial court was

3

well within its statutory authority and sound discretion to revoke Wylie's probation and order him to serve his underlying sentence. Further, even if reasonable persons could disagree as to the propriety of the trial court's decision, it is not an abuse of discretion. See *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 297, 301 P.3d 276 (2013).

In his motion, Wylie also points out the possibility this issue may now be or may soon become moot upon completion of his underlying sentence. According to Wylie, his earliest possible release date was sometime in July 2020. A review of the appellate clerk's system shows the State has not filed a notice of change in custodial status. The trial court revoked Wylie's probation and ordered him to serve his 13-month sentence on October 15, 2019. It awarded Wylie 53 days' jail credit for time spent in confinement during the pendency of this case. Wylie's underlying sentence was subject to a maximum of 20 percent good time credit. There exists a very strong possibility Wylie may have already completed his underlying sentence. And Wylie acknowledges this court cannot grant the relief he is seeking if his sentence has already been completed. See *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018). This court cannot, however, make its own inquiry into Kansas Department of Corrections records or rely on hearsay statements from only one party. See *State v. Yazell*, 311 Kan. 625, ___, 465 P.3d 1147, 1149-51 (2020). And, thus, we affirm the trial court.

Affirmed.